# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK M. FALCEY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DR. FREDERICK GOLDBERG, *et al.*,** | : | **NO. 18-424** |
| **Defendants.** | : | |

## MEMORANDUM

SCHMEHL, J.                                                          FEBRUARY **7** , 2018

Patrick M. Falcey, a state inmate currently incarcerated at SCI Greene, filed this *pro se*

action against Dr. Fredrick Goldberg, Aria Bucks Hospital, and the St. Jude Medical

Corporation. Mr. Falcey raises claims regarding medical care he received in 2016. He has also

filed a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant

Mr. Falcey leave to proceed *in forma pauperis* and will dismiss his Complaint for lack of

subject-matter jurisdiction.

## I.     FACTS

Prior to January 27, 2016, Mr. Falcey was receiving care for his back pain through the

Aria Bucks Hospital outpatient pain management clinic. (Compl. at 9.) After experiencing no

relief from several cervical and thoracic steroid injections, Dr. Goldberg suggested that Mr.

Falcey try a neuro-stimulator implant. (*Id.*) Mr. Falcey met with Dr. Goldberg and a

representative from the St. Jude Medical Corporation and selected which implant he would try.

(*Id.* at 9-10.)

On January 27, 2016, Dr. Goldberg installed a temporary neuro-stimulator unit to

determine the best placement for the permanent unit. (*Id.* at 10.) According to Mr. Falcey, the

1

"pain relief [from the temporary unit] was considerably effective." (*Id.*) Five days later, the temporary unit was removed. (*Id.*) On February 12, 2016, Mr. Falcey returned to Aria Bucks Hospital so that Dr. Goldberg could place the permanent unit. (*Id.*)

Mr. Falcey alleges that after February 12, 2016, he was unable to breathe properly when the neuro-stimulator unit was turned on. (*Id.* at 11-12.) He contends that he "had to gasp for air and the intense shocking was all in [his] heart area." (*Id.* at 12.) According to Mr. Falcey, the representative from the St. Jude Medical Corporation told him to turn the unit off, and another representative was unable to "get any stimulation to the neck or back or pain relief" after attempting to adjust the unit. (*Id.*)

Mr. Falcey states that since placement of the permanent unit, he has experienced "uncontrollable bowel movements and urine, pain in bladder and bowels with numbness, [and] penile numbness." (*Id.* at 3.) He claims that he has suffered anxiety and "devastating depression," which led him to "relapse to self medicating (alcohol) after years of [being] clean." (*Id.*) His relapse led to him violating his probation, which led to his incarceration. (*Id.*) As relief, Mr. Falcey seeks $300,000.00 for pain and suffering and mental anguish, and requests that the Court order the Defendants to "pay the amount mentioned for all they caused [him and] what [he] had to [bear, due] to negligence, poor medical decisions and malpractice." (*Id.* at 5.)

## II.  STANDARD OF REVIEW

The Court will grant Mr. Falcey leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Mr. Falcey's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under

---

[1] However, as Mr. Falcey is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mr. Falcey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Mr. Falcey used this Court's form complaint for prisoners filing civil rights suits pursuant to 42 U.S.C. § 1983. In evaluating § 1983 claims, the Supreme Court has set forth two threshold inquiries: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Action under color of state law requires that the one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quotation omitted).

Here, nothing in Mr. Falcey's Complaint suggests that Dr. Goldberg, Aria Bucks Hospital, and the St. Jude Medical Corporation are state actors. The Court notes that medical providers could be considered to be state actors if they have contracted with corrections department or a corporate prison health care provider. *See, e.g.*, *Talbert v. Kaplan*, No. 12-6533,

3

at \*4 (E.D. Pa. Aug. 20, 2013). Here, however, Mr. Falcey was not incarcerated when he decided to have Dr. Goldberg install one of the St. Jude Medical Corporation's neuro-stimulator units in his back at Aria Bucks Hospital. The Complaint suggests that he was incarcerated after placement of the unit, when the side effects caused him to become depressed and relapse using alcohol, leading to a probation violation. Under these circumstances, the named Defendants cannot be said to have exercised power possessed by virtue of state law and made possible only because they were clothed with the authority of state law. *See Harvey*, 635 F.3d at 609. Thus, any federal claims pursuant to § 1983 will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The only logical basis for a lawsuit against the named Defendants would be for allegations of malpractice against Dr. Goldberg and Aria Bucks Hospital and products liability against the St. Jude Medical Corporation. The only basis for this Court to exercise subject matter jurisdiction over such claims arising under state law is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While Mr. Falcey requests $300,000.00 in damages, his Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). The Complaint indicates that Mr. Falcey is incarcerated at SCI Greene in Waynesburg, Pennsylvania, but it does not allege his domicile. Furthermore, Mr. Falcey has provided Pennsylvania addresses for Dr.

4

Goldberg and Aria Bucks Hospital, and nothing in the Complaint sets forth where the St. Jude Medical Corporation was incorporated as well as where its principal place of business is located, both of which are necessary for determining its citizenship. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business). Thus, it appears that diversity jurisdiction also does not exist.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Falcey's Complaint without prejudice to him refiling this action in state court, or filing an amended complaint in this action within thirty (30) days of the date of this Order in the event he can state a claim within this Court's jurisdiction. Any amended complaint must identify all defendants in the caption and clearly state the basis for Mr. Falcey's claims against each defendant. An appropriate Order follows, which shall be docketed separately.